CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 1 2 2008

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAWN X. HENNY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00399 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| A. P. HARVEY, et al., | ) | By: Hon. Glen E. Conrad |
| Defendant(s). | ) | United States District Judge |

Plaintiff Shawn X. Henny, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343, and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et. seq. In his complaint, Henny alleges that the defendant prison officials have interfered with his First Amendment right to free exercise of his religious beliefs. He states that he is a member of the Nation of Islam and that his beliefs require him to worship with fellow believers. Defendant prison officials have prohibited plaintiff from meeting with fellow believers for several months, citing security reasons. Henny moves for an immediate injunction directing defendants to allow him to attend religious services with others of his beliefs. Upon review of the record, the court concludes that the motion for interlocutory injunctive relief must be denied.[1]

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on

---

[1]Plaintiff has now consented to pay the $350.00 filing fee through installments withheld from his inmate trust account. Accordingly, by separate order, the court has directed the clerk to attempt service of process on the defendants through mailing notice of waiver of service of process.

1

the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980).

Upon review of the record, the court cannot find that plaintiff has demonstrated a substantial likelihood of success on the merits of his claims regarding group religious services. When a prison regulation impinges on an inmate's ability to practice his religious beliefs and claims a violation of the Free Exercise Clause of the First Amendment, the regulation withstands constitutional scrutiny if it is reasonably related to a legitimate penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). Clearly, security in the form of preventing violence among the inmates is a legitimate prison goal that is furthered by keeping inmates from meeting in groups. Thus, plaintiff's likelihood of success on his First Amendment claim is not substantial.

Under RLUIPA, once a prisoner plaintiff "has demonstrated that he suffered a substantial burden on his religious exercise [as a result of the prison regulation], the burden shifts to the defendants to show that the [regulation] is the least restrictive means of furthering a compelling governmental interest." Lovelace v. Lee, 472 F.3d 174, 189-90 (4th Cir. 2006) (citing Cutter v. Wilkinson, 455 U.S. 709, 723 (2005)). Courts adjudicating claims under RLUIPA must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Cutter, 455 U.S. at 723. Prison officials' interest in

maintaining security deserves "particular sensitivity." Cutter, 544 U.S. at 722. Under these principles, the court cannot find that plaintiff has demonstrated a substantial likelihood of success on his claim under RLUIPA. Moreover, logic alone dictates that an interlocutory order directing prison officials to allow plaintiff to meet with other nation of Islam members for group worship services would burden the defendants with extra costs, efforts, and risks, thus altering the status quo before the resolution of the lawsuit. For these reasons, the court concludes that plaintiff is not entitled to the interlocutory injunctive relief that he seeks. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 12th day of August, 2008.

_____
United States District Judge